**ORIGINAL**

Alan Harris (SBN 146079)
David Zelenski (SBN 231768)
HARRIS & RUBLE
5455 Wilshire Boulevard, Suite 1800
Los Angeles, California 90036
Telephone: (323) 931-3777
Facsimile: (323) 931-3366
law@harrisandruble.com
dzelenski@harrisandruble.com

Attorneys for Plaintiff

**FILED**
E-filing
SEP 5 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FILE BY FAX

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

BENNETT RUBIN, individually and on behalf of all others similarly situated,

   Plaintiffs,

v.

WAL-MART STORES, INC. a Delaware corporation, and DOE ONE through and including DOE TEN,

   Defendants.

Case No. CV 08 4214 CW

**COMPLAINT**

*[Class-Action Complaint]*

1.   29 U.S.C. § 216
2.   Cal. Lab. Code § 203
3.   Cal. Lab. Code § 226
4.   Cal. Bus. & Prof. Code § 17200 *et seq.*

**DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, and for his causes of action against Defendants, alleges as follows:

## JURISDICTION AND VENUE

1.   This Court has original jurisdiction over this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 through 219 in general, and §§ 207(a)(1) and 216(b) in particular. The Court also has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

2.   Venue is proper in the Northern District of California because Defendant WAL-MART STORES, INC. is subject to personal jurisdiction in that District.

## PARTIES

3. Plaintiff BENNETT RUBIN ("Plaintiff") is an individual who, during the time periods relevant to this Complaint, was employed by Defendant WAL-MART STORES, INC. in Panorama City, California.

4. Defendant WAL-MART STORES, INC. ("Wal-Mart" or "Defendant") is a Delaware corporation, doing business in the State of California, with principal offices in the State of Arkansas. Wal-Mart operates more than 200 Wal-Mart and Sam's Club stores in California, and each store employs hundreds of non-exempt hourly workers. Over the past five years, Wal-Mart has employed at any given time approximately 61,000 workers in California. It is the larges private employer in the United States.

5. Plaintiff is unaware of the true names, identities, and capacities, whether individual, corporate, or otherwise, of Defendants DOE ONE through and including DOE TEN, but leave of Court will be prayed to amend this Complaint to insert the same herein when finally ascertained. Plaintiff is informed, believes, and thereon alleges that each fictitiously named Defendant is legally responsible for the acts, omissions, and damages hereinafter alleged.

## GENERAL ALLEGATIONS

6. Plaintiff brings this action to recover damages and monies due for all similarly situated current and former employees of Wal-Mart for Wal-Mart's failure to pay all overtime compensation owing to them and for Wal-Mart's failure to timely pay all wages due discharged and/or quitting employees.

7. The Fair Labor Standards Act ("FLSA") states:

[N]o employer shall employer any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate

at which he is employed.

29 U.S.C. § 207(a)(1). The FLSA defines "regular rate": "As used in this section the 'regular rate' at which an employee is employed shall be deemed to include *all* remuneration for employment paid to, or on behalf of, the employee." Id. § 207(e) (emphasis supplied).

8.   Plaintiff was employed by Wal-Mart as an hourly, non-exempt employee from approximately May 2, 1998, to approximately September 19, 2006. True and correct copies of some of his Wal-Mart pay stubs are attached hereto as Exhibit 1. As reflected on those pay stubs, Wal-Mart would pay its California employees an extra hour of wages for each meal period that it failed to provide. See section 226.7 of the California Labor Code, which section states that, "[i]f an employer fails to provide an employee a meal period or rest period . . . , the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided." Cal. Lab. Code § 226.7(b). According to the California Supreme Court, the extra hour of compensation owing on account of foregone meal periods is a wage. Murphy v. Kenneth Cole Prods., Inc., 40 Cal. 4th 1094, 1114 ("[T]he 'additional hour of pay' is a premium wage intended to compensate employees.").

9.   As reflected on Plaintiff's pay stubs, for example, Plaintiff received an extra hour of wages for a foregone meal break during the pay period ending September 1, 2006. In addition, Plaintiff received overtime compensation during that pay period. However, Wal-Mart calculated Plaintiff's overtime rate of pay without including the extra hour of compensation he received on account of the missed meal period. In other words, Plaintiff, as well as all other non-exempt Wal-Mart employees who earned overtime wages and meal-premium wages during the same pay period, have not received all wages due and owing.

10.   Again, on approximately September 19, 2006, Plaintiff quit his employment

3
COMPLAINT

with Wal-Mart. He received his final paycheck on September 28, 2008, which was the next regularly scheduled payday. However, that paycheck did not include his accrued vacation pay. In addition, although Plaintiff has since been paid his accrued vacation pay—he was paid by way of separate check approximately one week later—his final paycheck did not include all of the overtime wages due him on account of Wal-Mart's miscalculation of his regular rate of pay.

11. Section 201 of the California Labor Code provides that "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Cal. Lab. Code § 201(a). Likewise, section 202 of the California Labor Code provides that, "[i]f an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter." Id. § 202(a). Because Wal-Mart did not pay Plaintiff all overtime wages due him, Wal-Mart has violated section 202 of the California Labor Code. In addition, all other non-exempt Wal-Mart employees who earned overtime wages and meal-premium wages during the same pay period and who either quit their employment with Wal-Mart or were discharged by Wal-Mart have likewise not been paid all wages due and owing. Wal-Mart also systematically fails to make timely payment of unpaid vacation pay to discharged and quitting employees.

12. In addition to failing to pay the appropriate amount of overtime to employees and failing to timely pay former employees, Wal-Mart provides its employees with pay stubs that do not contain all of the information required by the California Labor Code. Section 226 of the California Labor Code provides:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee,

except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

Id. § 226(a). First, the pay stubs misstate the correct overtime rate of pay on account of the meal-premium wage described above. Second, the pay stubs do not list the total hours worked by employees.

13. Throughout the class period defined *infra*, Wal-Mart administered and employed a corporate policy, practice, and/or custom concerning the underpayment of overtime compensation, the corresponding untimely payment of final wages, the untimely payment of accrued vacation pay to terminated and quitting employees, and the failure to accurately record and report wages earned and hours worked on employee pay stubs.

14. The systematic illegal employment practices set forth above constitute violations of the California Labor Code and the FLSA, and they have resulted in the

unjust enrichment of Wal-Mart. Accordingly, these actions are unlawful and unfair, and they constitute violations of section 17200 *et seq.* of the California Business and Professions Code.

## CLASS-ACTION ALLEGATIONS

15. The Class represented by Plaintiff consists of all natural persons who were tendered a check for services performed for Wal-Mart in California during the period beginning four years prior to the filing of this case through the date of the filing of a motion for class certification. At the time of filing a motion for class certification, the Class may be redefined to include subclasses.

16. <u>Numerosity</u>. The number of Class Members is great, believed to be in excess of ten-thousand persons. It therefore is impractical to join each Class Member as a named plaintiff. Accordingly, utilization of a class action is the most economically feasible means of determining the merits of this litigation.

17. <u>Ascertainability</u>. Despite the size of the proposed Class, Class Members are readily ascertainable through an examination of the records that Wal-Mart is required by law to keep. Likewise, the dollar amount owed to each Class Member is readily ascertainable by an examination of those same records.

18. <u>Commonality</u>. Common questions of fact and of law predominate with respect to Class Members' claims over individual issues regarding the money owed to each Class Member. The questions include, but are not limited to, the following:

    a. Whether Wal-Mart miscalculated employees' overtime compensation on account of failing to include the meal-premium wage in the regular rate of pay.

    b. Whether Wal-Mart failed to pay former employees all wages due at the time of termination on account of the miscalculation of the regular rate of pay.

    c. Whether Wal-Mart failed to pay former employees all accrued vacation pay upon termination.

    d. Whether Wal-Mart failed to provide accurate itemized wage statements to its employees.

  3 Whether Wal-Mart's conduct constitutes unlawful, unfair, or fraudulent business practices.

  f Whether Wal-Mart's conduct constitutes unfair competition;

  g Whether Class Members are entitled to injunctive relief prohibiting Wal-Mart from not providing employees with all wages earned and unpaid promptly upon termination or resignation.

  h Whether Class Members are entitled to damages and equitable relief for Wal-Mart's not providing employees with accurate itemized wage statements.

  19. <u>Community of Interest</u>. There is a well-defined community of interest in the questions of law and fact common to the Class Members.

  20. <u>Typicality</u>. Plaintiff's claims are typical of the claims of the Class Members, which claims all arise from the same general operative facts, namely, Defendant did not compensate its employees as required by the FLSA's overtime provisions, did not pay in a timely manner those employees who either quit or were discharged all wages due and owing, and did not furnish to its employees all of the information required by section 226 of the California Labor Code.

  21. <u>Superiority</u>. A class action is a superior method for the fair and efficient adjudication of this controversy. The persons within the Class are so numerous that joinder of all of them is impracticable. The disposition of all claims of Members of the Class in a class action, rather than in individual actions, benefits the parties and the Court. The interest of the Class Members in controlling the prosecution of separate claims against Wal-Mart is small when compared with the efficiency of a class action.

  22. <u>Adequacy of Representation</u>. The Representative Plaintiff in this class action is an adequate representative of the Class in that the Representative Plaintiff's claims are typical of those of the Class and the Representative Plaintiff has the same interest in the litigation of this case as the Class Members do. The Representative Plaintiff is committed to the vigorous prosecution of this case, and he has retained

competent counsel experienced in litigation of this nature and with sufficient financial resources to undertake the matter. The Representative Plaintiff is not subject to any individual defenses unique from those conceivably applicable to the Class as a whole.

23. <u>Manageability</u>. Although this Class consists of thousands of employees and former employees, the matter is manageable as a class action, the data required to establish liability and prove damages is readily available in computerized databases.

## FLSA COLLECTIVE-ACTION ALLEGATIONS

24. In this collective action, Plaintiff seeks to represent all non-exempt employees of Wal-Mart who have not received all of the overtime wages due them on account of the miscalculation of their regular rate of pay.

25. Plaintiff is similarly situated with the Collective-Action Members in that (a) Plaintiff and the Collective-Action Members were employed by Wal-Mart, (b) Plaintiff and the Collective-Action Members were not paid all of their overtime wages, and (c) Wal-Mart systematic failure to pay the Collective-Action Members constitutes a knowing and willful violation of the FLSA.

26. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime, liquidated damages, costs, and attorney's fees.

27. All individuals employed by Wal-Mart who did not receive all of the overtime wages due them on account of the miscalculation of their regular rate of pay should be allowed to give their consent in writing—i.e., to "opt in"—to the collective action pursuant to 29 U.S.C. § 216(b). A true and correct copy of Plaintiff's FLSA Consent Form is attached hereto as Exhibit 2.

## FIRST CLAIM FOR RELIEF
### (29 U.S.C. § 216)

28. Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in the Complaint.

29. Again, Wal-Mart has calculated its employees' overtime rate of pay without

including the extra compensation they receive on account of missed meal periods. In other words, Plaintiff, as well as all other non-exempt Wal-Mart employees who earned overtime wages and meal-premium wages during the same pay period, have not received all wages due and owing.

30. Accordingly, Plaintiff and Collective-Action Members are entitled to be paid according to proof the damages specified by 29 U.S.C. § 216. In addition, Plaintiff is entitled to attorney's fees and costs pursuant to 29 U.S.C. § 216.

## SECOND CLAIM FOR RELIEF

(Cal. Lab. Code § 203)

31. Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in the Complaint.

32. Wal-Mart has routinely failed to timely pay Plaintiff and other former employees all wages due them on termination of employment. Wal-Mart has violated the California Labor Code provisions concerning the timely payment of wages upon termination, namely, sections 201 and 202.

33. Section 203 of the California Labor Code provides:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202 and 202.5, any wages of an employee who is discharged or quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until action therefor is commenced, but the wages shall not continue for more than 30 days.

Cal. Lab. Code § 203. Wal-Mart's failure to timely pay terminated employees all wages due and owing, despite its knowledge of its obligation to do so, is "willful" within the meaning of section 203. Accordingly, Plaintiff and Class Members are entitled to up to thirty days of continuing wages.

34. Additionally, Plaintiff is entitled to costs and attorney's fees, demand for which is hereby made in accord with the provisions of the California Labor Code.

## THIRD CLAIM FOR RELIEF

(Cal. Lab. Code § 226)

35. Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in the Complaint.

36. Wal-Mart employed Plaintiff and Class Members but failed to provide them with the data required by section 226 of the California Labor Code.

37. Accordingly, Plaintiff and each Class Member is entitled to damages, and Plaintiff is entitled to costs and attorney's fees, demand for which is hereby made in accord with the provisions of section 226(e) of the California Labor Code.

## FOURTH CLAIM FOR RELIEF

(Cal. Bus. & Prof. Code § 17200 et seq.)

38. Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in the Complaint.

39. Plaintiff is suing both in his individual capacity and on behalf of the general public, and he is a proper representative Plaintiff because he has suffered direct harm from the illegal business practices herein alleged.

40. Wal-Mart has committed acts of unfair business practice as defined in California Business and Professions Code section 17200 *et seq.* by systematically excluding meal-premium wages when calculating its employees' regular rates of pay. By doing so, Wal-Mart underpays overtime compensation to its employees, in violation of the FLSA, and necessarily fails to pay certain terminated employees all wages due and owing, in violation of the California Labor Code.

41. Under section 17200 *et seq.*, this Court is authorized to enter such judgment or order as may be necessary to restore to any person in interest the money or property acquired by Wal-Mart through its unlawful and unfair business practices.

42. Plaintiff and Members of the class are therefore entitled to a judgment of this Court requiring Defendant to pay to Plaintiff and each identifiable Class Member the unpaid overtime wages to which such individuals were and are entitled but which have

1 been denied them by reason of Wal-Mart's conduct alleged herein. In other words, Plaintiff and the other employees are entitled to restitution of their unpaid overtime wages improperly withheld by Wal-Mart, as such funds should be distributed to the individuals who are rightfully entitled to such monies.

43. The named Plaintiff is a proper person to bring this litigation as a "representative action" to compel restitution. The named Plaintiff is a person who has suffered damage as a result of the unlawful actions of Wal-Mart herein alleged. The actions of Wal-Mart herein alleged are in violation of the FLSA and California Labor Code, and, accordingly, a court order compelling it to cease and desist from such actions and to make restitution is a vindication of an important public right. The extent to which Wal-Mart has been unjustly enriched as a result of its unlawful and unfair business practices is a matter that can be ascertained by an examination of the payroll and accounting records that Wal-Mart is required by law to keep and maintain and that Wal-Mart has kept and maintained.

44. The identity of the persons to whom restitution should be made is a matter that can be ascertained from those records that Wal-Mart is required by law to keep and maintain and that it has kept and maintained.

45. Plaintiff's efforts in securing the requested relief will result "in the enforcement of an important right affecting the public interest," as "a significant benefit, whether pecuniary or nonpecuniary, [will] be[] conferred on . . . a large class of persons." Cal. Civ. Proc. Code § 1021.5. Moreover, because "the necessity and financial burden of private enforcement . . . are such as to make [an attorney's fee] award appropriate, and [because attorney's] fees should not in the interest of justice be paid out of the recovery, if any," id., Plaintiff requests that the Court also award reasonable attorney's fees pursuant to the provisions of section 1021.5 of the California Code of Civil Procedure.

46. Plaintiff and the Class Members have no plain, speedy, or adequate remedy at law, inasmuch as Wal-Mart, unless enjoined by an order of this Court, will continue to violate systematically the provisions of the FLSA and California Labor Code.

47. Accordingly, injunctive relief is proper and necessary pursuant to section 17203 of the California Business and Professions Code.

48. Pursuant to section 17205, the remedies and penalties provided by section 17200 *et seq.* are cumulative to the remedies and penalties available under all other laws of this state.

**WHEREFORE**, Plaintiff prays judgment as follows:

1. That the Court certify the class action described in this Complaint.

2. That the Court certify the collective action described in this Complaint.

3. With respect to the First Claim for Relief, that the Court enter judgment in favor of Plaintiff and Collective-Action Members in the amount of damages, liquidated damages, attorney's fees, and costs, each according to proof.

4. With respect to the Second Claim for Relief, that the Court award Plaintiff and the Class members damages according to proof, attorney's fees, and costs, each according to proof.

5. With respect to the Third Claim for Relief, that the Court enter judgment in favor or Plaintiff and Class Members damages according to proof, attorney's fees, and costs, each according to proof.

6. Also with respect to the Third Claim for Relief, that the Court grant Plaintiff an injunction in order to prevent Defendant from continuing to violate section 226 of the California Labor Code.

7. With respect to the Fourth Claim for Relief, that the Court enter judgment in favor of Plaintiff and Class Members for restitution, attorney's fees, and costs, each according to proof.

8. Also with respect to the Fourth Claim for Relief, that the Court grant Plaintiff an injunction in order to prevent Defendant from continuing to violate the FLSA with respect to the miscalculation of overtime compensation.

9. For such further relief as the Court may order.

/ / / / /

DATED: September 5, 2008

HARRIS & RUBLE

*Alan Harris*
Alan Harris
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: September 5, 2008

HARRIS & RUBLE

*Alan Harris*
Alan Harris
*Attorneys for Plaintiff*

## M105029

WAL-MART
702 S.W. 8th St
Bentonville, AR 72716

BENNETT D RUBIN        01WS               FEDERAL TAX       3985   95719
                          XXXXXX1125      SOCIAL SECURITY   5476  114045
      DESCRIPTION  RATE  HOURS  EARNINGS  YEAR TO DATE
                                          SDI TAX            565   11918
REGULAR EARNING   96500  7083   68351   1323172 CALIFORNIA    676   16533
OVERTIME EARN    147912    32     473     48000 PERS HRS AVAIL 4947    00
CA MEAL PREM      96500   100     965       965 CO STK CONT    300   3300
OVERTIME/INCT                      00       697 STOCK PURCH   2000  22000
MY$HARE INCT                       00     20000
VAC    PAY                         00     36695
HOLIDAY PAY                        00     30240
CO STK CONT                       300      3300
PERSONAL TIME                      00      1930
SUNDAY PREMIUM    10000  1500    1500     23694
VAC HRS AVAIL             8970
SICK HRS AVAIL            4599

ARE YOU IN THE RIGHT MEDICAL PLAN? OPEN ENROLLMENT 9/16-10/27
   71589.   10702    23000 =    58587       08-19-2006  062393008    58587
  1490793.  238215    41600 =  1211178      09-01-2006  CHECK NUMBER AMT OF CHECK
     TAXES         DEDUCTIONS    NET PAY
     STATEMENT OF EARNINGS AND DEDUCTIONS • DETACH AND RETAIN FOR YOUR RECORDS


## M089263

WAL-MART
702 S.W. 8th St
Bentonville, AR 72716

BENNETT D RUBIN        01WS               FEDERAL TAX      18241  119388
                          XXXXXX1125      SOCIAL SECURITY  13118  133670
      DESCRIPTION  RATE  HOURS  EARNINGS  YEAR TO DATE
                                          SDI TAX            253   12851
REGULAR EARNING   96500  3169   30581   1430596 CALIFORNIA   3568   21065
OVERTIME EARN                      00     48188 CO STK CONT   300    3900
CA MEAL PREM                       00       965 STOCK PURCH  2000   26000
OVERTIME/INCT                      00       697 DRAW OR ALLOW 109664 109664
PERS P/O UNUSED   96500  5518   53249     53249
VAC P/O UNUSED    96500  8970   86560     86560
MY$HARE INCT                       00     20000
VAC    PAY                         00     36695
HOLIDAY PAY                        00     37960
CO STK CONT                       300      3900
PERSONAL TIME                      00      1930
SUNDAY PREMIUM    10000   795     795     24489
SICK HRS AVAIL            4875

     ASSOCIATE DISCOUNT - CHILDREN'S TUTORING - WALMARTBENEFITS.COM
   171485.   35180   111964 =    24341      09-16-2006  063776277    24341
  1747329.  286974   155664 =  1306691      09-29-2006  CHECK NUMBER AMT OF CHECK
     TAXES         DEDUCTIONS    NET PAY
     STATEMENT OF EARNINGS AND DEDUCTIONS • DETACH AND RETAIN FOR YOUR RECORDS

Exhibit 1, Page 1

### SEQ: X113236

WAL ★ MART
702 S W 8th St
Bentonville, AR 72716

BENNETT D RUBIN    01WS    SOCIAL SECURITY # XXX-XX-1125

| DESCRIPTION | RATE | HOURS | EARNINGS | YEAR TO DATE |       | TAXES/DEDUCTIONS | YTD | YR TO DATE |
|---|---|---|---|---|---|---|---|---|
| REGULAR EARNING | 96500 | 8000 | 77200 | 874042 | FEDERAL TAX | 5778 | | 64530 |
| OVERTIME EARN | 147467 | 106 | 1563 | 26066 | SOCIAL SECURITY | 6763 | | 76538 |
| OVERTIME/INCT | | | 00 | 697 | SDI TAX | 707 | | 8004 |
| MY$HARE INCT | | | 00 | 20000 | CALIFORNIA | 1031 | | 11167 |
| VAC PAY | | | 00 | 36695 | PERS HRS AVAIL | 5147 | | 00 |
| HOLIDAY PAY | 96500 | 800 | 7720 | 22520 | CO STK CONT | 300 | | 1500 |
| CO STK CONT | | | 300 | 1500 | STOCK PURCH | 2000 | | 10000 |
| SUNDAY PREMIUM | 10000 | 1613 | 1613 | 16874 | | | | |
| VAC HRS AVAIL | | 8970 | | | | | | |
| SICK HRS AVAIL | | 3466 | | | | | | |

ASSOCIATE CRUISES FROM $259. RESTRICTIONS APPLY. 888-733-0081

| CURRENT | 88396 | 14279 | 2300 | = | 71817 | 05-27-2006 | 058284468 | 71817 |
| YEAR TO DATE | 1000494 | 160239 | 27600 | = | 812655 | 06-09-2006 | CHECK NUMBER | AMT OF CHECK |
| | EARNINGS | TAXES | DEDUCTIONS | | NET PAY | | | |

STATEMENT OF EARNINGS AND DEDUCTIONS — DETACH AND RETAIN FOR YOUR RECORDS

---

### SEQ: H064374

WAL ★ MART
702 S W 8th St
Bentonville, AR 72716

BENNETT D RUBIN    01WS    SOCIAL SECURITY # XXX-XX-1125

| DESCRIPTION | RATE | HOURS | EARNINGS | YEAR TO DATE |       | TAXES/DEDUCTIONS | YTD | YR TO DATE |
|---|---|---|---|---|---|---|---|---|
| REGULAR EARNING | 96500 | 8000 | 77200 | 796842 | FEDERAL TAX | 4957 | | 58752 |
| OVERTIME EARN | 147719 | 84 | 1240 | 24503 | SOCIAL SECURITY | 6146 | | 69775 |
| OVERTIME/INCT | | | 00 | 697 | SDI TAX | 643 | | 7297 |
| MY$HARE INCT | | | 00 | 20000 | CALIFORNIA | 870 | | 10136 |
| VAC PAY | | | 00 | 36695 | PERS HRS AVAIL | 5147 | | 00 |
| HOLIDAY PAY | | | 00 | 14800 | CO STK CONT | 300 | | 1200 |
| CO STK CONT | | | 300 | 1200 | STOCK PURCH | 2000 | | 8000 |
| SUNDAY PREMIUM | 10000 | 1600 | 1600 | 15261 | | | | |
| VAC HRS AVAIL | | 8970 | | | | | | |
| SICK HRS AVAIL | | 3262 | | | | | | |

WM AWARD FOR ETHICAL COURAGE NOMINATION FORM ON THE WIRE (59)

| CURRENT | 80340 | 12616 | 2300 | = | 65424 | 05-13-2006 | 057510504 | 65424 |
| YEAR TO DATE | 912098 | 145960 | 25300 | = | 740838 | 05-26-2006 | CHECK NUMBER | AMT OF CHECK |
| | EARNINGS | TAXES | DEDUCTIONS | | NET PAY | | | |

STATEMENT OF EARNINGS AND DEDUCTIONS — DETACH AND RETAIN FOR YOUR RECORDS

Exhibit 1, Page 2

# FLSA CONSENT FORM

Pursuant to the provisions of 29 U.S.C. § 216(b), the Fair Labor Standards Act, I hereby consent to be a party plaintiff to this action.

9/2/08
Date

BENNETT RUBIN
Print Name

X *Bennett Rubin*
Signature

Exhibit 2