1  **GIBSON, DUNN & CRUTCHER LLP**
   JULIAN W. POON, SBN 219843
2  JPoon@gibsondunn.com
   KAHN A. SCOLNICK, SBN 228686
3  KScolnick@gibsondunn.com
   BLAINE H. EVANSON, SBN 254338
4  BEvanson@gibsondunn.com
   333 South Grand Avenue
5  Los Angeles, CA 90071-3197
   Telephone: (213) 229-7000
6  Facsimile: (213) 229-7520

7  MATTHEW S. KAHN (*pro hac vice*)
   MKahn@gibsondunn.com
8  KAREEM GHANEM, SBN 251926
   One Montgomery Street
9  San Francisco, CA 94104-4505
   Telephone: (415) 393-8200
10 Facsimile: (415) 374-8400

11 Attorneys for Defendant
   WAL-MART STORES, INC.

12

13                          **UNITED STATES DISTRICT COURT**

14                         **NORTHERN DISTRICT OF CALIFORNIA**

15

16 | BENNETT RUBIN, individually and on behalf of all others similarly situated, | CASE NO. CV 08-4214 SBA

17 |                                                                              |
   |                          Plaintiffs,                                        | **ORDER GRANTING DEFENDANT WAL-MART STORES, INC.'S MOTION TO**
18 |                                                                              | **DISMISS UNDER RULE 12(b)(6) AND**
   |          v.                                                                 | **STRIKE UNDER RULE 12(f)**
19 |                                                                              |
   | WAL-MART STORES, INC., a Delaware                                            |
20 | corporation, and DOE ONE through and                                         | [Docket Nos. 16, 19, 37]
   | including DOE TEN,                                                           |
21 |                                                                              |
   |                          Defendants.                                        |
22

23

24

25

26

27

28

---

1    Before the Court are Defendant Wal-Mart Stores, Inc. ("Wal-Mart")'s Motion to Dismiss
2 under Federal Rule of Civil Procedure 12(b)(6) and Strike under Federal Rule of Civil Procedure
3 12(f) [Docket No. 16] and Motion to Dismiss or Stay Action under First-to-File-Rule, or Stay
4 Proceedings pending Decisions by Appellate Courts on Controlling Issues of Law [Docket No. 19].
5 Plaintiffs filed oppositions to both motions [Docket Nos. 28, 29] and Defendant filed reply briefs
6 [Docket Nos. 34, 36].  This Court, having considered the memoranda submitted and the relevant
7 authorities finds that Plaintiffs have failed to state a claim upon which relief can be granted.  As a
8 matter of law, meal-period "premium" payments to employees are not included in the "rate" used to
9 calculate the employee's overtime pay.
10    IT IS HEREBY ORDERED that Wal-Mart's Motion is GRANTED.
11    IT IS FURTHER ORDERED that Plaintiffs' Complaint is DISMISSED with prejudice.

## BACKGROUND

13    Plaintiffs filed this action on September 5, 2008, on behalf of Plaintiff Bennett Rubin himself
14 and a putative class defined as "all natural persons who were tendered a check for services performed
15 for Wal-Mart in California during the period beginning four years prior to the filing of this case [i.e.,
16 starting on September 5, 2004] through the date of the filing of a motion for class certification."
17 Compl., ¶ 15.  Plaintiffs bring a claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216
18 (Claim One), and three state-law claims for alleged violations of sections 203 and 226 of the
19 California Labor Code (Claims Two and Three), and Section 17200 of the California Business &
20 Professions Code ("Section 17200") (Claim Four).  Each of Plaintiffs' claims rests on the allegation
21 that Wal-Mart failed to include meal-period premiums paid to Wal-Mart employees under Section
22 226.7 of the California Labor Code in the "regular rate" of pay used to calculate overtime
23 compensation.

## LEGAL STANDARD

25    Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of an action where the
26 complaint fails to state a valid claim for relief.  To survive a pleadings challenge, a plaintiff must
27 plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v.*
28 *Twombly*, 127 S.Ct. 1955, 1974 (2007); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061,

Gibson, Dunn &
Crutcher LLP

2

[PROPOSED] ORDER DISMISSING COMPLAINT                                Case No. CV 08-4214 SBA

1065 (9th Cir. 2008).  Rule 12(b)(6) allows for dismissal where the facts pleaded, even if established, would not amount to a legal claim that could provide the plaintiff with relief.  *See*, *e.g.*, *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) ("Dismissal can be based on the *lack of a cognizable legal theory* or the absence of sufficient facts alleged under a cognizable legal theory." (emphasis added) (citation omitted)).

## ANALYSIS

1. Federal law requires that employees who work more than forty hours per week be paid an overtime premium.  29 U.S.C. § 207(a)(1).  To determine the amount of that premium, employers must multiply the employee's pay rate by his or her overtime hours, and multiply that product by one and one half.  *Id.*  An employee's pay rate, or "regular rate," is calculated by dividing the employee's compensation by the number of hours worked.  29 U.S.C. § 207(e).  The employee's compensation for purposes of this calculation includes "all remuneration for employment."  *Id*.  "Remuneration" includes such things as cost-of-living allowances and promised bonuses, 29 C.F.R. §§ 778.110(b), 778.211(c), but does not include, for example, any payment at premium wage rates, discretionary bonuses, gifts, or overtime pay.  29 U.S.C. § 207(e)(1), (3)(a), (5)-(7); *see also* 29 C.F.R. §§ 778.108, 778.210, 778.211(a), 778.308–778.314.

2. California law requires that "[i]f an employer fails to provide an employee a meal period … the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation."  Cal. Lab. Code § 226.7.  But the law does not require Wal-Mart to include this meal-period "premium" payment as "remuneration" in calculating an employee's "regular rate" for overtime purposes.  To the contrary, federal regulations are clear that "payment at premium rates … made pursuant to the requirements of [an] applicable statute" "may be *excluded* from the regular rate" used to calculate overtime.  29 C.F.R. § 778.202(a), (d) (emphasis added).

3. The meal-period premiums required by Section 226.7 are both "payment at premium rates" and required by an "applicable statute."  29 C.F.R. § 778.202(d); *see also* Compl. ¶ 8 (citing Section 226.7), ¶ 9 (referring to payments as "meal-premium wages"), ¶ 12 (same).  The California Supreme Court in *Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal. 4th 1094 (2007), repeatedly

3

**[PROPOSED] ORDER DISMISSING COMPLAINT**  Case No. CV 08-4214 SBA

1  characterized meal-period premiums as premium payments equivalent to overtime pay (which itself
2  is also considered a premium payment). *Id.* at 1108–09.

3      4.    Courts and agencies interpreting the overtime and meal-period laws have uniformly
4  concluded that meal-period premiums are not included in the overtime rate. *See Kamar v.*
5  *Radioshack Corp.*, 2008 WL 2229166, *4 n.7 (C.D. Cal. May 15, 2008) (explaining that "meal period
6  pay" is "in the nature of [a] premium[] required by law, [and therefore] not included in computing the
7  regular rate of pay …."); *see also* DLSE Enforcement Policies and Interpretations Manual,
8  § 49.124(8).

9      5.    Accordingly, Plaintiffs' First claim for relief under the FLSA fails to state a claim
10 upon which relief can be granted.

11     6.    Plaintiffs' Second and Third claims under the California Labor Code (Sections 203 &
12 226) similarly fail, because they are all based on the erroneous allegation that meal-period-premium
13 payments must be included in the regular "rate" used to calculate an employee's overtime pay. *See*,
14 *e.g.*, *White v. Starbucks Corp.*, 497 F. Supp. 2d 1080, 1089–90 (N.D. Cal. 2007) (dismissing claims
15 under Section 226 and Section 17200 because they are "derivative" of underlying meal-period
16 claims).

17     7.    In addition, to the extent Plaintiffs' third claim for relief under California Labor Code
18 Section 226 includes the allegation that Wal-Mart's pay stubs failed to list "the total hours worked by
19 employees," this claim fails as a matter of law. The exhibit attached to the Complaint demonstrates,
20 on its face, that Plaintiff Rubin's pay stubs *did include* the total hours worked. *See Hal Roach*
21 *Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989); *Migliori v. Boeing*
22 *N. Am. Inc.*, 97 F. Supp. 2d 1001, 1004 (C.D. Cal. 2000) ("[I]n ruling on a 12(b)(6) motion, a court
23 [may] consider exhibits submitted with the complaint.").

24     8.    Finally, Plaintiffs' Fourth claim under Section 17200—which is derivative of their
25 erroneous overtime claims—also fails to state a valid cause of action. *See White*, 497 F. Supp. 2d at
26 1089–90 (dismissing Section 17200 claim where underlying claim was invalid). Moreover, neither
27 Section 203 nor Section 226 can provide a basis for a Section 17200 claim, given that both statutes
28 provide for a *penalty*, rather than *wages*. *See In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F.

Gibson, Dunn &
Crutcher LLP

4

[PROPOSED] ORDER DISMISSING COMPLAINT     Case No. CV 08-4214 SBA

1  Supp. 2d 609, 619 (N.D. Cal. 2007) (*Smith/Ballard I*); *Tomlinson v. Indymac Bank, F.S.B*, 359 F.
2  Supp. 2d 891, 895 (C.D. Cal. 2005).
3  / / /
4  / / /

## CONCLUSION

For the above reasons, this Court concludes that Plaintiffs have failed to state a valid claim upon which relief can be granted and DISMISSES the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  All dates in this matter are TERMINATED and the clerk is directed to close the file.


IT IS SO ORDERED.


Dated:  2/24/09                                   _____
                                                  The Honorable Sandra B. Armstrong
                                                  United States District Judge